INTERSTATE FORWARDING COMPANY V. R. A. VINYARD,
TAX COLLECTOR.

No. 5166.   Decided April 21, 1932.
(49 S. W., 2d Series, 403.)

*Carden, Starling, Carden & Hemphill,* and *C. W. Starling,*
all of Dallas, for plaintiff in error.

There is neither statutory nor implied authority given the
tax assessor to institute any suit to compel listing and rendition

by any person, whose statutory duty is to list and render for taxation property belonging to him or under his control. There is no statutory authority given the tax assessor to institute suit to compel the making of the list designated in Article 7243 of the Revised Statutes. It therefore follows that there is neither express nor implied authority given the tax assessor to maintain this suit. Von Rosenberg v. Lovett, 173 S. W., 513; State v. Cage, 176 S. W., 928; Connell v. State, 55 S. W., 980; Commonwealth v. Glover, 132 Ky., 588, 116 S. W., 772.

If any authority whatever for a suit of this kind exists, it should be brought in the name of the State, pursuant to Article 4669, of the Revised Statutes.

The Court, under Article 7243, has no authority to require the defendant to furnish the plaintiff the names and addresses of all parties to whom the defendant issued assignable certificates or warehouse receipts, as shown from the books and records of the defendant. Ex parte Gould, 132 S. W., 364; Ex parte Leslie, 223 S. W., 227.

*Claude Pollard*, former Attorney General, *Allen Clark*, former Assistant Attorney General, *William McCraw*, District Attorney, and *Tom C. Clark*, Assistant District Attorney, both of Dallas, for defendant in error.

Under Article 7243, Revised Statutes for 1925, a tax assessor has implied authority to bring suit to compel a person in charge of a warehouse to furnish a list of the property stored in such warehouse together with a list of the owners of such property and their residence, upon the refusal of the person in charge of the warehouse to comply with the law. Uhr v. Brown, 191 S. W., 379; Lewis' Sutherland Statutory Construction (2d ed.), 942; Taylor v. U. S., 3 How., 197; 11 L. Ed. (U. S.), 559; 25 R. C. L., 1093; Taylor v. Iowa Park Gin Co., 199 S. W., 853; Spears v. City of San Antonio, 223 S. W., 166; Texas & Pac. Ry. Co. v. Taylor, 118 S. W., 1097; Trimmier v. Carlton, 116 Texas, 572, 296 S. W., 1070.

MR. JUDGE CRITZ of the Commission delivered the opinion for the court.

The plaintiff in error, the Interstate Forwarding Company, a corporation, is now, and was on January 1, 1927, doing business in Dallas county, as a warehouseman, where its warehouse is situated. About March, 1927, R. A. Vinyard, tax assessor of said county, demanded of the company that it furnish to him, as Tax Assessor, a list of all the property which was on storage in the warehouse of the company on January 1, 1927,

together with the names and addresses of the owners of said property. In making such demand the Assessor purported to act in pursuance of the provisions of Article 7243 of the Revised Civil Statutes, which article reads as follows:

"Art. 7243. Any person, co-partnership, association or corporation doing business in this State as a warehouseman or operating or controlling a warehouse or place of storage, shall, upon demand of the tax assessor of the county in which said business is operated or in which property is so stored, on January 1st of each year, furnish to the said tax assessor, a list of the property so stored in such warehouse or place of storage, together with a list of the owners of such property and their residence. The term 'place of storage' as used herein shall also include all cold storage or refrigeration plants wherein goods of any nature are stored. Any person or agent or representative of such co-partnership, association, or corporation who shall fail to furnish such list and information as set forth above upon demand by the tax assessor of the county in which such property is located, shall be subject to all the penalties now existing against any person for making a false rendition of property for the purpose of taxation."

The plaintiff in error refused to comply with said demand; thereupon this suit was brought in the District Court of Dallas County. The suit is for mandatory injunction compelling the plaintiff in error to comply with said demand. The suit was brought and is being prosecuted by the district attorney of said county in his official capacity; the said Vinyard in his capacity of tax assessor, being named as the plaintiff in the suit. Neither the State of Texas nor the district attorney is named in the petition as plaintiff, but the petition is signed by the district attorney in his official capacity. The plaintiff in error filed answer, and upon trial of the case, the trial court entered a judgment granting the injunction. That judgment has been reformed and affirmed by the Court of Civil Appeals, 3 S. W. (2d) 947. The case is before us on writ of error sued out by the Forwarding Company.

■■ The plaintiff in error contends that Article 7243 being a penal statute, the requirements there prescribed are not subject to enforcement by means of injunction. Regardless, however, of the penal provisions, the subject matter of the statute pertains to the public revenues, and the statute is, therefore, a "revenue law of this state" within the meaning of Article 4669 which provides: "The full power and remedy of injunction may be invoked by the State at the instance of the county

attorney or district attorney or the Attorney General, to prevent, prohibit or restrain the violation of any revenue law of the State." The State is present in the instant suit in the person of the district attorney who filed same and who is prosecuting same in his official capacity. It makes no difference that Vinyard is the nominal plaintiff. The averments of the petition, the nature of the relief sought, and the bringing and prosecution of the suit by the district attorney, as such, sufficiently show that the State is the real complainant in the suit. Herring v. Houston Natl. Exch. Bank, 113 Texas, 264. The provisions of article 4669, which authorize the district attorney to represent the State in suits of this sort, find support in the Constitution. State Const., art. V, sec. 21; Maud v. Terrell, 109 Texas, 97.

■ It is contended that Article 7243 violates various provisions of the Constitution, both of the State and of the United States. We think that, properly interpreted, the statute is valid. Construing same in the light of various other statutes relating to the mode of rendering and assessing property, it reasonably appears that the purpose of the statute is not to require the warehouseman to render the stored property for taxation, but simply to provide means by which the general nature of the property and the names and addresses of those to whom the property belongs, may be discovered by the assessor in order to procure the rendition of the property for taxation, as provided elsewhere in the statutes. It is reasonable to believe that the legislature intended to require of the warehouseman nothing more than that he furnish the assessor such information concerning the general nature of property on storage, and the names and addresses of the various owners, as the warehouseman necessarily acquires in handling the property in the ordinary course of business. Considering the nature of the business of a warehouseman, and his relation to the stored property, it is not to be assumed, in the absence of specific language to that effect, that the Legislature meant to impose on the warehouseman the burden of listing for assessment and describing with particularity the various articles which go to make up the mass of property which is held in storage for the owner. The Legislature meant to require that the assessor be furnished only such information possessed by the warehouseman as is reasonably sufficient to apprise the assessor of the general character of the property of the respective owners and guide that officer to the person or persons whose duty it is to render same for taxation.

The terms of the judgment rendered by the trial court, as modified by the Court of Civil Appeals, are such as to subject the plaintiff in error to more onerous requirements than the statute contemplates. The judgment of both said courts should be reversed and the cause remanded.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. Cureton, Chief Justice.