AUGUST HOFFMAN V. CITY OF MT. PLEASANT ET AL.

No. 6498. Decided January 8, 1936.
Rehearing overruled February 19, 1936.
(89 S. W., 2d Series, 193.)

J. A. *Ward* of Mt. Pleasant, for appellant.

Where the general statute prohibits the doing of certain things generally by a city and there is added to the statute a proviso that is to apply to the act when applied to certain subjects, such proviso will not have the limiting effect unless from the whole statute and the proviso it appears clearly that such was the legislative intent. Roberts v. Yarboro, 41 Texas, 449; Jester v. Lancaster, 266 S. W., 1103.

*Hiram G. Brown* and *Seb. F. Caldwell,* both of Mt. Pleasant, and *Greenwood, Moody & Robertson,* of Austin, for appellees.

Under section 2 of the Bond and Warrant Law, the City of Mt. Pleasant was authorized to pass the ordinance and issue the time warrants of the city for the purpose of constructing and improving the sewer system of said city, as agreed by the parties, as such construction and improvements were necessary for the protection of the public health of the city. Cross v. Wilkinson, 111 Texas, 311, 234 S. W., 68; Stewart v. Coleman County, 95 Texas, 448; Dodson v. Bunton, 81 Texas, 655.

*John D. McCall,* of Dallas, filed brief as amicus curiae.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

Appellant August Hoffman filed suit in the District Court of Titus County to have declared void certain time warrants of the City of Mt. Pleasant in the sum of $45,000.00, issued November 25, 1931. These warrants were issued for the construction of a new septic tank, filter bed, mains and other replacements and improvements of the existing sewer system of the city. The trial court denied a temporary injunction, and an appeal was taken from the order denying same.

The Court of Civil Appeals has certified to this Court the questions hereinafter set out.

The warrants are claimed to be void because of the failure to comply with Section 2 of House Bill 312, Chapter 163, General Laws of the 42nd Legislature, shown as Article 2368a in Vernon's Texas Civil Statutes, in that the contract was not submitted to competitive bids and the notice required by said Section 2 was not published. The whole case turns upon the proper construction to be given the proviso in said section, which proviso is as follows:

"Provided, that in case of public calamity, where it becomes necessary to act at once to appropriate money to relieve the necessity of the citizens, or to preserve the property of such county or city, or when it is necessary to preserve or protect the public health of the citizens of such county or city, or in case of unforseen damage to public property, machinery or equipment, this provision shall not apply; and provided further, that it shall not be applied to contracts for personal or for professional services, nor to work done by such county or city and paid for by the day, as such work progresses."

The trial court in denying temporary injunction made a finding that the work for which these warrants were issued was the "erection of a sanitary sewage system and disposal plant for the City of Mt. Pleasant, which the court finds was necessary for the protection of public health."

It is the contention of appellant, briefly stated, that it is only in case of public calamity, bringing about conditions which make it necessary to act at once without notice, to preserve or protect the public health, that the requirement of publication of notice for competitive bids may be disregarded. In other words, that the exception "or when it is necessary to preserve or protect the public health of the citizens of such county or city" is not operative except in case of public calamity.

■ The matter is one purely of statutory construction. After careful consideration of the whole Act, as well as the peculiar language of the exception, in light of the rules usually applicable when statutes concerning public health are involved, we have reached the conclusion that the use of the word "when" clearly indicates the introduction of a new condition and exception not dependent upon a "public calamity," and that the requirement of competitive bids with publication of notice of letting the contract is dispensed with when such exception exists. In other words, we are of the opinion that "when it is necessary to preserve or protect the public health of the citizens of a county or city," a condition requiring prompt and unre-

strained action in order to remedy such a situation exists, regardless of whether such condition has been brought about by a public calamity or in some other way. The words "preserve" and "protect," as applied to public health, carry the idea of timely, efficient and effective action which keeps intact and unimpaired the good health of the citizens in advance of its impairment. They cannot reasonably be construed as pertaining solely to the improvement and repair of health already impaired, or in immediate peril because of a public calamity. We are of the opinion that if the Legislature had intended that a public calamity was essential before this exception was to become operative, it would not have used the words "or when it is necessary." The language in that event would have appropriately read as follows: "Provided, that in case of public calamity, where it becomes necessary to act at once to appropriate money to relieve the necessity of the citizens or to preserve the property of such county or city or to preserve or protect the public health of the citizens of such county or city." The use of the words "or" and "when it is necessary" was unquestionably designed for the very purpose of making the public health clause independent of the limitation relating to public calamity.

The Court of Civil Appeals has certified the following questions which we answer as indicated:

"Question 1. Answer whether or not, in the circumstances, it was legally essential to the validity of the issuance of the time warrants based upon the improvements, made without competitive bids, that a condition of public calamity must have existed by reason of which a necessity for immediate action arose to protect the public health."

To which we answer "No."

"Question 2. Answer whether or not, in the circumstances, the warrants mentioned were authorized to be isued, without competitive bids, upon the fact alone that such improvements for which the warrants were issued were necessary for the protection of public health."

To which we answer "Yes."

"Question 3. Answer whether or not said House Bill 312 should be so construed that in order to put the improvements mentioned within its proviso exempting notice, competitive bids and right of referendum there must have existed: (1) a condition of public calamity, (2) by reason of which a necessity arose, (3) to preserve or protect the public health."

To which we answer "No."

"Question 4.   Answer whether or not, in the circumstances, the time warrants under consideration were validated by Senate Bill 49, Chapter 40, 1st Called Session of the 42nd Legislature."

In light of what has been said it is not necessary to answer this question.

Opinion adopted by the Supreme Court January 8, 1936.

Rehearing overruled February 19, 1936.