

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

LAWFORD C. MARTIN
ATTORNEY GENERAL

March 10, 1971

Hon. Clifford Powell
County Attorney
Grayson County Courthouse
Sherman, Texas

Dear Mr. Powell:

Opinion No. M- 806

Re: Authority of a city and/or
a county to provide for
ambulance services, and
related questions.

Your recent letter requesting the opinion of this office concerning the referenced matter poses the following questions:

"(1) Does the City of Sherman have the legal and constitutional prerogative to declare that the city ambulance service as set out in the attached ordinance to be a franchise?

"(1A) If the City has such power, can the franchise area be extended to pass the City limits and into the area of the City's extraterritorial jurisdiction?

"(2) If the City can declare such ambulance service to be a franchise, is the County entitled to contract with other private ambulance services (any or all of them) to service areas of the county's responsibility not serviced by the City of Sherman?

"(2A) If the County is not so empowered to make such private contracts, must the County either participate financially with the City of Sherman or operate its own public ambulance service?

"(3) Is the County entitled to submit to
solicit bids from the private industry to provide
such services and if so, to what extent must such
successful bidder be able to furnish such services
(i.e., must such a successful private bidder have
ambulances available in a central location within
the County or could such ambulances be kept within
points in the County and still satisfy the County's
duty, if any, to provide such services)?"

Texas courts have held that, under the authority of
Articles 1011, 1015, and 1175, Vernon's Civil Statutes, the
State has delegated to municipalities the police power and the
concomitant right to protect the health, safety, morals, and
general welfare of their citizens by regulations that are reason-
able and necessary for that purpose, subject to limitations im-
posed by the Constitution and statutes enacted by the Legislature.
12 Tex.Jur.2d 409, Constitutional Law, Sec. 64; 40 Tex.Jur.2d 12,
Municipal Corporations, Sec. 321; Keel v. Pulte, 10 S.W.2d 694
(Tex.Comm.App. 1928); Lombardo v. Dallas, 124 Tex. 1, 73 S.W.2d
475 (1934); and City of Dallas v. Smith, 130 Tex. 225, 107 S.W.
2d 872 (1937).

Article 4434, Vernon's Civil Statutes, provides as
follows:

"The municipal authorities of towns and
cities, and commissioners courts of the counties
wherein such towns and cities are situated, may
co-operate with each other in making such improve-
ments connected with said towns, cities and counties
as said authorities and courts may deem necessary to
improve the public health and to promote efficient
sanitary regulations; and, by mutual agreement,
they may provide for the construction of said im-
provements and the payment therefor."

Relevant portions of the ordinance mentioned in your
first question and attached to your letter (Ordinance No. 2793,
passed by the City Council of the City of Sherman on October 20,
1970) are as follows:

"SECTION 1.  That there be and there is hereby created a service to the people to be called the Sherman Ambulance Service, which service shall be operated within the Fire Department.

"SECTION 2.  That the said ambulance service shall be available to the citizens of the City of Sherman, in accordance with the terms of this ordinance, and to the citizens of Grayson County, provided a suitable contract for service in the County is approved by the City Council of the City of Sherman and the County Commissioners Court.

.  .  .  .

"SECTION 5.  The business of providing ambulance service both emergency and transfer, is here now declared to be a business effected (sic), with the public interest and public utility and no person shall operate said business within the corporate or extraterritorial limits of the City of Sherman, except on a mission with a patient through the area, except upon the issuance of a certificate of public conveyance and necessity by the City Council of the City of Sherman, Texas.  .  .  ."  (Emphasis added.)

The City of Sherman is a home rule city; its ordinances must conform to this Charter.

"Every sovereignty has an inherent power to enact laws for sanitary purposes and protection of the health of the public." 28 Tex.Jur.2d 9, Health, Sec. 1.

"Municipalities have the right, under the police power, to protect the health, safety, morals, and general welfare of their citizens by regulations that are reasonable and necessary for the purpose.  A city has comprehensive power in this respect, and the power is not narrowly circumscribed by precedent."  40 Tex.Jur.2d 13, Municipal Corporations, Sec. 322.

"In the interest of public health a municipality may regulate any occupation, trade, or profession . . ." 40 Tex.Jur. 2d 67, Municipal Corporations, Sec. 388.

However, "A municipal corporations' jurisdiction or power is confined to the territory of its situs, and, unless expressly empowered by the constitution or a statute it may not exercise authority beyond its corporate limits." 39 Tex.Jur.2d 640, Municipal Corporations, Sec. 310. See, also, 55 A.L.R. 1182 and 14 A.L.R.2d 103 (annotations dealing with extension of police power of municipal corporation beyond territorial limits).

In the case of City of Amarillo v. Griggs Southwest Mortuary, Inc., 406 S.W.2d 230 (Tex.Civ.App. 1966, error ref. n.r.e.), the court held that the City of Amarillo could validly pass an ordinance regulating ambulance service upon the streets of that city, and require, inter alia, the issuance of a city permit and of a certificate of convenience and necessity as a prerequisite to operating an ambulance service.

In view of the foregoing, and in answer to your first question, we are of the opinion that the City of Sherman has the legal prerogative to pass the Ordinance attached to your letter (and partially quoted hereinabove), subject to our answer, in the following paragraph, to your question 1A.

Question 1A involves the extraterritorial jurisdiction of the City of Sherman, and the application of the terms of the Ordinance to that area. Pursuant to the terms of Article 4434, supra, the provisions of Section 2 of the Ordinance relating to the furnishing of ambulance service to the citizens of Grayson County, subject to the execution of a consensual contract between the City of Sherman and Grayson County, are legal.

However, the authorities cited in 39 Tex.Jur.2d 640, quoted supra, clearly show that the underscored portion of Section 5 of the Ordinance, hereinabove quoted, is void and of no effect.

Your second question involves the power of Grayson County to contract with private ambulance services to furnish

such services to those parts of the County not encompassed within the jurisdiction of the City of Sherman.

Article 4418f, Vernon's Civil Statutes, provides, in part, that:

". . . The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County."

Attorney General's Opinion No. C-772 (1966) held that, pursuant to Article 4418f, supra, a county could operate and maintain an ambulance service, and that it could cooperate with a city within the county in the operation of that service.

Attorney General's Opinion No. M-385 (1969) held that towns, cities, counties, and hospital districts have authority to expend money to provide ambulance service when there has been a determination by such governmental agency that such service will be in furtherance of the public health and general welfare of its citizens. That Opinion also held that such authority to provide ambulance service extending to entering into contracts with a private agency to provide the service, subject to the provisions of Section 52 of Article III of the Constitution of Texas.

See, also, Attorney General's Opinion No. C-759 (1966) and No. M-231 (1968).

In view of Article 4418f, supra, and the foregoing Opinions of the Attorney General, your second question is answered in the affirmative. As this question has been answered in the affirmative, question 2A is not applicable.

Your third question involves the applicability of Article 2368a(2), Vernon's Civil Statutes. That Article provides, in pertinent part, as follows:

"No county, acting through its Commissioners Court, and no city in this state shall hereafter make any contract calling for or requiring the expenditure of payment of Two Thousand Dollars

($2,000.00) or more out of any fund or funds of any
city or county or subdivision of any county creating
or imposing an obligation or liability of any nature
or character upon such county or any subdivision of
such county, or upon such city, without first sub-
mitting such proposed contract to competitive bids
. . . Provided, that in case of public calamity,
where it becomes necessary to act at once to ap-
propriate money to relieve the necessity of the
citizens, or to preserve the property of such county,
subdivision, or city, or when it is necessary to
preserve or protect the public health of the citi-
zens of such county or city . . ., this provision
shall not apply . . ." (Emphasis added.)

In construing the underscored portion of Article
2368a(2), supra, the Commission of Appeals, in an opinion
adopted by the Supreme Court of Texas, held that a county could
validly expend funds to protect the public health without the
necessity of requiring the competitive bids otherwise required
by that Article, and that the public health exception to the
competitive bid requirement was operative at all times, whether
or not there was a "case of public calamity". Hoffman v. City
of Mt. Pleasant, 126 Tex. 632, 89 S.W.2d 193 (1936).

You are advised, in answer to that portion of your
third question relating to the necessity of competitive bidding
for ambulance services, that it is the opinion of this office
that such services are encompassed within the purview of the
public health exception to Article 2368a(2), supra, and are,
therefore, services for which the Grayson County Commissioners
Court may contract without the necessity of receiving competi-
tive bids therefor.

As for that portion of your third question relating
to the extent to which a successful bidder must be able to
furnish such services, we have concluded that this is a factual
determination upon which this office cannot pass, and that such
determination is properly left to the judgment and discretion
of the Grayson County Commissioners Court.

## S U M M A R Y

(1) The City of Sherman, subject to the provisions of its Home Rule Charter, has the legal prerogative to establish, by ordinance, a municipal ambulance service within its fire department, pursuant to its constitutional powers to provide for and protect the public health of its citizens. Such ordinance may also provide that no person shall operate an ambulance service within the municipal boundaries, except on missions with a patient through that area, unless such person first obtains a certificate of public convenience and necessity from the municipality.

(2) Pursuant to Article 4434, Vernon's Civil Statutes, a city and a county may cooperate and jointly contract to establish a city-county ambulance service; however, the operating area of a city ambulance service cannot be extraterritorially extended beyond the boundaries of a city without the consent of the county or other governing body affected.

(3) Pursuant to Article 4418f, Vernon's Civil Statutes, a county is entitled to establish a county ambulance service, for all or part of a county, and to contract with private ambulance services to perform such services, provided such expenditures to private parties do not contravene Section 52 of Article III of the Constitution of Texas.

(4) Pursuant to the public health exception of Article 2368a(2), Vernon's Civil Statutes, a county is not required to follow competitive bidding procedures in establishing a county ambulance service.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By: *Nola White*

NOLA WHITE
First Assistant

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sam Jones
Max Flusche
S. J. Aronson
David Longoria

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant