OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 3, 1999

The Honorable Steven B. Payson
Dawson County Attorney
P.O. Box 1268
Lamesa, Texas 79331

Opinion No. JC-0136

Re: Whether a contract for ambulance service may be exempt from competitive-purchasing require-ments in the County Purchasing Act, chapter 262, subchapter C of the Local Government Code, and related questions (RQ-0042-JC)

Dear Mr. Payson:

You ask whether the Commissioners Court of Dawson County may contract for ambulance service pursuant to the County Purchasing Act (the "Act"), TEX. LOC. GOV'T CODE ANN. ch. 262, subch. C (Vernon 1999), without engaging in competitive bidding. Because the contract for ambulance service is necessary to preserve or protect the public health or safety of residents of the county, the commissioners court may by order exempt it from the Act's competitive bidding requirements.

You also ask whether the county may seek bids on the ambulance contract, open and reject all bids, and decide to exempt the contract from the Act's competitive-purchasing requirements. *See* Letter from Honorable Steven B. Payson, Dawson County Attorney, to Opinion Committee, Office of the Attorney General (Mar. 12, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. After seeking competitive bids for ambulance services and rejecting all of them, the county may not immediately proceed to award the contract to a bidder who is not the lowest dollar bidder meeting specifications. However, once the Commissioners Court has decided in good faith to end the bidding process and to begin again the process of contracting for ambulance services, it may decide to exempt the ambulance service from the competitive bidding requirements of the Act.

You inform us that Dawson County has bid out the ambulance service for ten years. The last two times have been for four-year contracts with a county subsidy, which consisted of $55,000 a year under the second four-year contract. The contract ended on January 1, 1999, and the present ambulance service provider asked for a subsidy of $72,000. The ambulance service was submitted to public bidding and four bids were received and opened on January 25, 1999. The current provider requested a $72,000 subsidy, while other bidders sought lesser subsidies. The Commissioners Court rejected all bids at a special called meeting on February 8, 1999, and sought advice from this office. *See* Request Letter, *supra*. Pending the issuance of this opinion, we understand that the county has retained on a month-to-month basis the previous provider, who was the highest bidder, at the subsidy requested in his bid. *See id.*

A commissioners court may contract with a private entity to provide ambulance service for the county. TEX. HEALTH & SAFETY CODE ANN. § 774.003(b) (Vernon Supp. 1999); *see* Tex. Att'y Gen. Op. No. H-976 (1977). We understand that Dawson County contracts with a private ambulance service to maintain, operate, and staff county-owned ambulances. Telephone Conversation with Honorable Steven B. Payson, Dawson County Attorney (May 12, 1999); Agreement between County of Dawson and Dennis White (Jan. 9, 1995) (filed with Dawson County Clerk) (on file with Opinion Committee). If a county wishes to purchase items under contract requiring an expenditure in excess of $25,000, the Act requires it to comply with competitive bidding or competitive proposal procedures. *See* Act of May 21, 1999, 76th Leg., R.S., ch. 505, § 2, 1999 Tex. Sess. Law Serv. 2989, 2990 (to be codified as an amendment to TEX. LOC. GOV'T CODE ANN. § 262.023(a)); *see also* TEX. LOC. GOV'T CODE ANN. § 262.030 (Vernon 1999) (competitive proposal procedure for insurance, high technology items, and certain special services). Contracts for certain items are exempt from the requirement of competitive purchasing "if the commissioners court by order grants the exemption." These include contracts for:

> (1) an item that must be purchased in a case of public calamity . . . ;
>
> (2) an item necessary to preserve or protect the public health or safety of the residents of the county;
>
> . . . .
>
> (4) a personal or professional service;
>
> . . . .

TEX. LOC. GOV'T CODE ANN. § 262.024(a) (Vernon 1999). The term "item" is defined to include "any service, equipment, good, or other tangible or intangible personal property." *Id.* § 262.022(5). Chapter 262 of the Local Government Code does not forbid a county from contracting for any of these items through competitive bidding.

You suggest that a contract for ambulance service may be exempt from competitive-purchasing requirements either as a matter affecting the public health or safety, *see id.* § 262.024(a)(2), or as personal or professional services, *id.* § 262.024(a)(4). Attorney General Opinion M-806 of this office construed a prior version of the County Purchasing Act, *see* Act of May 25, 1967, 60th Leg., R.S., ch. 376, § 1, 1967 Tex. Gen. Laws 870 (formerly codified as TEX. REV. CIV. STAT. ANN. art. 2368a, § 2), and concluded that ambulance service is "necessary to preserve or protect the public health" of county citizens and, accordingly, that a county need not competitively bid a contract for these services. *See* Tex. Att'y Gen. Op. No. M-806 (1971) at 6. You have asked that we reconsider Attorney General Opinion M-806 on the ground that the public-health exemption should be restricted to purchases necessitated by a public calamity. *See* Request Letter, *supra*. You note specifically that the Act has been revised and codified since this office issued Attorney General Opinion M-806. *See id.*

We conclude that a contract for ambulance service is an item necessary to preserve or protect the public health or safety of county residents, and that a commissioners court consequently may exempt the contract from the Act's competitive-purchasing requirements under section 262.024(a)(2) of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 262.024(a) (Vernon 1999). Our conclusion follows from *Hoffman v. City of Mt. Pleasant*, a decision of the Texas Supreme Court, and Attorney General Opinion M-806. *See Hoffman v. City of Mt. Pleasant*, 89 S.W.2d 193 (Tex. 1936); Tex. Att'y Gen. Op. No. M-806 (1971).

In *Hoffman* the Texas Supreme Court held that a county need not competitively bid a contract for the purchase of items necessary to protect or preserve the public health, regardless of whether the purchase was necessitated by a public calamity. *See Hoffman*, 89 S.W.2d at 194. *Hoffman* construes the exemption from the competitive-bidding requirement "when it is necessary to preserve or protect the public health of the citizens of a county" to be independent of the exemption for purchases necessitated by a public calamity. *See id.* Thus, *Hoffman* squarely rejects the argument that a contract for an item necessary to preserve or protect the public health must be competitively bid except in the case of a public calamity. *See id.* at 194.

We find no change in the law that warrants a reversal of the conclusion in Attorney General Opinion M-806 that ambulance service is an item affecting the public health. "The institution of an emergency ambulance service is . . . incident to the police power of the state: i.e.[,] to protect the health, safety, and general welfare of its citizens." *Brantley v. City of Dallas*, 545 S.W.2d 284, 285 (Tex. Civ. App.–Amarillo 1976, writ ref'd n.r.e.) (and attorney general opinions cited therein); *Ayala v. City of Corpus Christi*, 507 S.W.2d 324, 328 (Tex. Civ. App.–Corpus Christi 1974, no writ) (and attorney general opinions cited therein). The plain language of section 262.024(a)(1) and (2) of the Local Government Code comports with the Supreme Court's interpretation in *Hoffman*, separating purchases necessitated by public calamity from purchases necessary to preserve and protect the public health. Section 262.024(a)(2) must, therefore, be construed consistently with its predecessor, the statute at issue in *Hoffman*. We affirm the conclusion of Attorney General Opinion M-806, that a contract for ambulance service may be exempted by order of the commissioners court under section 262.024(a)(2) of the Local Government Code from competitive-purchasing requirements as a matter affecting the public health or safety.

You suggest that because the county has competitively bid the contract for ambulance service for the past ten years, and because other counties similarly competitively bid contracts for ambulance service, a custom has developed that prevails over the statute exempting a contract of public-health items from the competitive-bidding requirement. A statute is not repealed by nonuse, but remains in full force and effect until it is amended or repealed by the legislature, or impliedly repealed by an irreconcilable statute. *Interstate Forwarding Co. v. Vineyard*, 3 S.W.2d 947, 957 (Tex. Civ. App.–Dallas, 1928), *rev'd on other grounds*, 49 S.W.2d 403 (Tex. 1932); *Gulf Refining Co. v. City of Dallas*, 10 S.W.2d 151, 158-59 (Tex. Civ. App.–Dallas 1928, writ dism'd w.o.j.). Accordingly, the custom in Dawson County and other counties of competitively bidding a contract for ambulance service does not repeal section 262.024(a) of the Local Government Code or otherwise bar a commissioners court from exercising its statutory authority to grant the exemption.

You also ask whether the ambulance service is excepted from the competitive purchasing requirements of the Act by the exception in that Act for personal or professional services. *See* TEX. LOC. GOV'T CODE ANN. § 262.024(a)(4) (Vernon 1999). The determination that a particular contract is for "personal or professional services" within section 262.024 of the Local Government Code involves questions of fact, which cannot be resolved in an Attorney General Opinion. *See* Tex. Att'y Gen. Op. Nos. DM-418 (1996) at 13; DM-106 (1992) at 2; JM-1136 (1990) at 2-3; JM-486 (1986) at 1. The prior opinions of this office do, however, provide guidance that may assist Dawson County officials in making this determination themselves. Attorney General Opinion JM-486 (1986), in considering whether a contract for janitorial services was a contract for personal services within the predecessor of section 262.024 of the Local Government Code, stated as follows:

> Someone who claims to have rendered "personal services" must have performed the services himself. . . . If the contract you ask about requires a specific person to perform janitorial services, it is a contract for personal services. If the contract merely requires a person or a corporation to provide persons who will perform janitorial services, it is not a contract for personal services.

Tex. Att'y Gen. Op. No. JM-486 (1986) at 1; *see also* Tex. Att'y Gen. Op. No. JM-890 (1988) at 5 (determining as a matter of law that a particular contract for microfilming services is not a contract for "personal services"). If the contract covers items in addition to employees' wages, such as the use of equipment, taxes, and insurance, the contract is one for personal services only if the cost of other items is substantially less than the cost of employee's wages. *See* Tex. Att'y Gen. Op. No. MW-344 (1981) at 4.

This office has recognized in previous opinions that the term "professional services" in the Act may encompass more than the services of physicians, attorneys, or others traditionally regarded as "professionals." *See* Tex. Att'y Gen. Op. No. JM-940 (1988) at 3. It may include "members of disciplines requiring special knowledge or attainment and a high order of learning, skill, and intelligence." *Id.* Case law suggests that this term comprehends labor and skill that is "predominantly mental or intellectual, rather than physical or manual." *Maryland Casualty Co. v. Crazy Water Co.*, 160 S.W.2d 102, 104 (Tex. Civ. App.–Eastland 1942, no writ). We need not decide whether the contract for ambulance services is exempt from the competitive bidding requirement of the Act, because it may be excepted as a matter affecting the public health. Moreover, this office generally abstains from determining whether a particular service is a professional service. *See* Tex. Att'y Gen. Op. Nos. DM-418 (1996) at 11-13; DM-106 (1992) at 2; JM-1136 (1990) at 3; JM-1038 (1989) at 2; MW-344 (1981) at 3.

We turn to your second question: whether a county that accepts and opens bids may reject the bids, claim that the contract is exempt from the County Purchasing Act's competitive-purchasing requirements, and award the bid to a bidder other than the lowest bidder?

Once a county determines that it will competitively bid a particular contract, it must publish notice of the proposed purchase and open bids on the date specified in the notice. *See* TEX. LOC. GOV'T CODE ANN. §§ 262.025(a), .026(a) (Vernon 1999). Section 262.027 of the Local Government Code provides in part:

> (a) The officer in charge of opening the bids shall present them to the commissioners court in session. Except as provided by (e) [pertaining to contracts for the purchase of road construction material], the court shall:

> > (1) award the contract to the responsible bidder who submits the lowest and best bid; or

> > (2) reject all bids and publish a new notice.

The commissioners court may award the contract to a bidder other than the lowest dollar bidder if (1) the bidder is a responsible bidder, and (2) the commissioners court complies with the following procedure:

> (c) A contract may not be awarded to a bidder who is not the lowest dollar bidder meeting specifications unless, before the award, each lower bidder is given notice of the proposed award and is given an opportunity to appear before the commissioners court and present evidence concerning the lower bidder's responsibility.

Instead of complying with subsection (c), Dawson County Commissioners Court rejected all bids and attempted to exempt the contract from competitive bids and award it to a bidder other than the lowest bidder.

You argue that, once the commissioners court decides to use the competitive bidding process to purchase an item that it may exempt from competitive bidding, it must award a contract by competitive bidding. Request Letter, *supra*. If the commissioners court rejects all bids, you believe that its only option is to reissue the bid notice, changing the specifications if it deems this necessary, and begin a new round of competitive bidding. We disagree.

Your argument is based on the mandatory language of section 262.027(a) of the Local Government Code, which provides that the commissioners court *"shall"* do one of two things when the bids are presented to it: either award the contract to the responsible bidder who submits the lowest and best bid; or . . . "reject all bids and publish a new notice." TEX. LOC. GOV'T CODE ANN. § 262.027(a) (Vernon 1999) (emphasis added). The word "shall" ordinarily imposes a duty, TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998), and we find no basis for reading this word as non-mandatory in subsection 262.027(a).

We disagree with you, however, as to the nature of the duty imposed by subsection 262.027(a). We read this provision as requiring the commissioners court to publish a new notice if it continues to seek a contract through competitive bidding. Subsection 262.027(a) of the Local Government Code does not repeal the commissioners court's common law authority to rescind its orders and decisions. *See generally Bexar County v. Hatley*, 150 S.W.2d 980, 984 (Tex. 1941); *Swaim v. Montgomery*, 154 S.W.2d 695 (Tex. Civ. App.–Amarillo 1941, writ ref'd w.o.m.). The court may at any time amend or repeal administrative, executive, or legislative actions it has taken, as long as vested rights are not impaired. *August A. Busch & Co. v. Caufield*, 135 S.W. 244, 245 (Tex. Civ. App.–Austin 1911, writ ref'd); *Collingsworth County v. Myers*, 35 S.W. 414, 416 (Tex. Civ. App.–Fort Worth 1896, no writ) (commissioners court may revoke or modify resolution setting county judge's salary for ex officio services, when judge had not yet earned the salary); Tex Att'y Gen. Op. No. DM-228 (1993) at 1 (commissioners court may amend ordinance); *see Head v. Scurr*, 8 S.W.2d 819, 822 (Tex. Civ. App.–Fort Worth 1928, writ dism'd) (legislative body of municipality may rescind prior acts, provided vested rights are not violated) (citing McQuillin on Municipal Corporations); *see* 4 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 13.49, at 884 (3rd ed)).

The commissioners court has the authority under common law to rescind or modify purchasing decisions it has made under the County Purchasing Act, and nothing in the express language of section 262.027(a) repeals this power. After it has rejected all bids, and before it publishes a new notice, it may modify or rescind its prior decision to seek competitive bids. Thus, it may change the specifications for an item before publishing a new notice, or rescind entirely its decision to seek an item through competitive bidding and decide to contract with another political subdivision for ambulance service or to provide this service itself. *See* TEX. HEALTH & SAFETY CODE ANN. § 774.003 (Vernon 1992 & Supp. 1999). If the commissioners court rescinds entirely its decision to seek an item through competitive bidding it may exercise its authority under section 262.024 of the Local Government Code to issue an order granting an exemption from competitive bidding for ambulance services as "an item necessary to preserve or protect the public health or safety of the residents of the county." TEX. LOC. GOV'T CODE ANN. § 262.024(a)(2) (Vernon 1999). *See* Tex. Att'y Gen. Op. No. DM-4 (1991) (when county received no bids on item, it could thereafter rely on any applicable exception from competitive bidding requirements); *see also Griswold v. Ramsey County*, 65 N.W.2d 647, 652 (Minn. 1954) (county that voluntarily sought competitive bids for jail contract had to comply with this method as long as it had not been seasonably abandoned) (dicta).

We conclude that, after the Dawson County Commissioners Court rejected all bids for the ambulance service, it was not limited to seeking new bids. It could decide to rescind its decision to seek ambulance services through competitive bidding and begin the procurement process anew, exercising its authority under section 262.024(a)(2) of the Local Government Code to issue an order exempting the contract for ambulance service from competitive bidding and to choose a provider by another method.

While the Commissioners Court may decide, after rejecting all bids, to exempt the ambulance service from the requirements of the Act, it may not do so in a way that violates section 262.027(c) of the Local Government Code, pertaining to the award of a contract to a bidder who is not the lowest dollar bidder meeting specifications. Whether or not the Commissioners Court has complied with section 262.027(c) of the Local Government Code involves fact questions, which cannot be addressed in an Attorney General Opinion. The Court must at least complete all steps necessary to rescind its decision to seek bids on the ambulance service and to approve an order exempting the ambulance service from the competitive bidding requirements of the County Purchasing Act.

## S U M M A R Y

A county contract for ambulance service may be exempted by order of the commissioners court under section 262.024(a)(2) of the Local Government Code from the County Purchasing Act's normal competitive-purchasing requirement as "an item necessary to preserve or protect the public health or safety of the residents of the county." Attorney General Opinion M-806 (1971) is affirmed. The commissioners court may issue an order exempting the contract for ambulance service from competitive-purchasing requirements as a matter affecting the public health or safety.

If the commissioners court has sought competitive bids on a contract for ambulance service and rejected them all, it is not thereafter required to continue using the competitive bidding process until it awards a contract. Section 262.027 of the Local Government Code, which provides that the commissioners court shall "reject all bids and publish a new notice," does not nullify the general authority of the commissioners court to rescind its orders and decisions, assuming no vested rights have been impaired. If the court rescinds its prior decision to seek a contract for ambulance service through competitive bidding, it has authority to issue an order exempting the ambulance service from the competitive bidding requirements of the County Purchasing Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee