OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 7, 2000

The Honorable Tony Goolsby
Chair, House Administration Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768

Opinion No. JC-0281

Re: Whether a municipality must competitively bid a contract with a temporary day labor agency (RQ-0217-JC)

Dear Representative Goolsby:

You ask whether a city's annual contract with a temporary day labor agency to provide qualified day laborers, particularly garbage collection workers, is exempt from the competitive bidding procedure required by Local Government Code section 252.021 as a procurement necessary to preserve or protect the public health or safety.[1] The city's contract with the temporary day labor agency, if limited to the employment of laborers necessary to preserve or protect the public health, would be excepted from competitive bidding pursuant to section 252.022(a)(2) of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 252.022(a)(2) (Vernon Supp. 2000). You also ask whether the purchase of equipment and materials used exclusively for solid waste collection would be exempt from competitive bidding as necessary to preserve the public health or safety. *See* Request Letter, note 1, at 1, 3. Section 252.022(a)(2) of the Local Government Code would exempt a contract to purchase these items from the competitive bidding requirements of section 252.021. *See* TEX. LOC. GOV'T CODE ANN. §§ 252.021, .022(a)(2) (Vernon Supp. 2000).

You write that many Texas cities find workers for their city-operated solid waste collection services through temporary day labor agencies. *See* Request Letter, note 1, at 1. To be sure of having a reliable source of qualified day laborers, municipalities will often contract with a temporary day labor agency. *See id.* If a municipality anticipates spending more than $15,000 in one year with a temporary day laborer provider, you ask whether the contract must be put out for competitive bids. *See id.* at 2. You also ask whether the purchase of equipment and materials used exclusively for solid waste collection, such as garbage trucks and residential trash containers, would be excepted from competitive bidding as necessary to preserve or protect the public health or safety of the city. *See id.* at 1, 3.

Under section 252.021 of the Local Government Code, a municipality must submit a contract that requires an expenditure of more than $15,000 to competitive bidding or competitive proposals.

---

[1]*See* Letter from Honorable Tony Goolsby, Texas State Representative, District 102, Chair, House Administration Committee, to Honorable John Cornyn, Texas Attorney General, at 1 (Mar. 31, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"].

*See* TEX. LOC. GOV'T CODE ANN. § 252.021 (Vernon Supp. 2000); *see also id.* § 252.021(c) (competitive sealed proposal procedure may be used only for high technology procurements or, in cities of population of 75,000 or more, to purchase insurance). Several kinds of purchases are excepted by section 252.022 of the Local Government Code from the requirement of competitive bidding, including expenditures for:

> (1) a procurement made because of a public calamity that requires the immediate appropriation of money to relieve the necessity of the municipality's residents or to preserve the property of the municipality; [or]

> (2) a procurement necessary to preserve or protect the public health or safety of the municipality's residents.

> . . . .

*Id.* § 252.022(a)(1), (2).

The Texas Supreme Court has construed the exemption for purchases necessary "to preserve or protect the public health or safety" as independent from the exemption for purchases made necessary by a public calamity. *See Hoffman v. City of Mt. Pleasant,* 89 S.W.2d 193, 194 (Tex. 1936) (expenditures to repair and improve city sewer system). Thus, the competitive bidding provision does not apply to an expenditure to protect or preserve the public health, regardless of whether a public calamity made the purchase necessary.

A city's contract for garbage collection with a private corporation is within the exception for expenditures to protect or preserve the public health and may be awarded without competitive bidding. *See Browning-Ferris, Inc. v. City of Leon Valley,* 590 S.W.2d 729, 733-34 (Tex. Civ. App.–San Antonio 1979, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JM-908 (1988) at 18. *See also* Tex. Att'y Gen. Op. Nos. JC-0136 (1999) at 3 (contract with private company for ambulance service was excepted from competitive bidding statute as necessary to protect or preserve the public health); M-806 (1971) at 5-6 (same). Your questions relate to the city's expenditures to provide solid waste collection itself, rather than through contracting with a private entity.

A city council could reasonably determine on the authority of *Browning-Ferris, Inc. v. City of Leon Valley* that a contract with a temporary day labor agency for garbage collection workers was necessary to preserve or protect the public health, thereby bringing the contract within the "public health or safety" exception found in Local Government Code section 252.022(a)(2). In our opinion, the city's contract with the temporary day labor agency would also be within this exception if it were limited to day laborers necessary to preserve the public health or safety, such as laborers to staff city solid waste collection services.

You also ask whether the purchase of equipment and materials used exclusively for solid waste collection, such as garbage trucks and residential trash containers, would be exempt from competitive bidding as necessary to preserve the public health or safety. *See* Request Letter, *supra* note 1, at 1, 3. In *Hoffman v. City of Mt. Pleasant,* the exception from the competitive bidding requirement for a procurement that is necessary to protect or preserve the public health or safety of the municipality's residents was held applicable for an expenditure "for the construction of a new septic tank, filter bed, mains, and other replacements and improvements" to the city's sewer system. *Hoffman,* 89 S.W.2d at 193. This construction project required the city to purchase materials as well as services. *See id. See also* Tex. Att'y Gen. Op. No. DM-4 (1991) at 4 (if dump truck is necessary to preserve public health or safety, county may purchase it without competitive bidding under section 262.024(a)(2) of the Local Government Code, a provision virtually identical to Local Government Code section 252.022(a)(2)). The city council could reasonably determine that equipment and materials used exclusively for solid waste collection, such as garbage trucks and residential trash containers, are necessary to preserve the public health or safety, and could then purchase these items without complying with the competitive bidding provisions in section 252.021 of the Local Government Code.

## S U M M A R Y

A city's contract with a temporary day labor agency for day laborers, if limited to the employment of laborers necessary to preserve or protect the public health, such as garbage collection workers, would be excepted from the competitive bidding requirements of Local Government Code section 252.021 by section 252.022(a)(2) of the Local Government Code. The purchase of equipment and materials used exclusively for solid waste collection would also be exempt from competitive bidding as items necessary to preserve or protect the public health or safety.

Your very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee