August 19, 2004

Mr. Chris Kloeris
Executive Director
Texas Optometry Board
333 Guadalupe Street, Suite 2-420
Austin, Texas 78701-3942

Opinion No: GA-0236

Re: Whether the Board of Nurse Examiners may permit registered nurses to administer a dangerous drug on the order of a therapeutic optometrist (RQ-0188-GA)

Dear Mr. Kloeris:

On behalf of the Texas Optometry Board you ask whether the Board of Nurse Examiners may permit registered nurses to administer a dangerous drug on the order of a therapeutic optometrist.[1]

Occupations Code chapter 351 governs the licensing of therapeutic optometrists. *See* TEX. OCC. CODE ANN. ch. 351 (Vernon 2004). Therapeutic optometrists are required to complete courses in pharmacology and pass a licensing examination in addition to the basic requirements for becoming an optometrist. *See id.* § 351.252. After meeting these additional requirements, therapeutic optometrists are permitted to prescribe certain dangerous drugs in order to treat particular ocular diseases. *See id.* §§ 351.160, .358, and .3581.

The Texas Dangerous Drug Act, Health and Safety Code chapter 483, includes physicians, dentists, podiatrists, veterinarians, and optometrists in the definition of "practitioner," which is a person permitted to prescribe and administer dangerous drugs. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.001(12)(A) (Vernon 2003). Also included in the definition of "practitioner" are advanced practice nurses ("APNs") and physician assistants ("PAs") to whom a physician has delegated the authority to carry out or sign prescription drug orders. *See id.* § 483.001(12)(D); *see also* TEX. OCC. CODE ANN. §§ 157.0511, .053-.0542 (Vernon 2004) (outlining the manner and circumstances in which a physician may delegate to APNs and PAs the authority to perform certain medical acts). Of these practitioners, Occupations Code chapter 301, the Nursing Practice Act (the "Act"), expressly grants authority to physicians, dentists, and podiatrists to give orders to registered nurses to administer medication or treatments. *See* TEX. OCC. CODE ANN. § 301.002(2)(C) (Vernon 2004). The Board of Nurse Examiners, the agency charged with implementing the Act, reads section

---

[1]*See* Letter from Chris Kloeris, Executive Director, Texas Optometry Board, to Honorable Greg Abbott, Texas Attorney General (Feb. 23, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

301.002(2)(C) to cover registered nurses acting on the orders of APNs and PAs because physicians are statutorily authorized to use APNs and PAs, by way of duty delegation, to act vicariously.[2]

On behalf of a therapeutic optometrist who employed a registered nurse, you sent a letter to the Board of Nurse Examiners and asked whether a nurse is authorized to administer a dangerous drug on the order of a therapeutic optometrist. *See* Request Letter, *supra* note 1, at 1. The Board of Nurse Examiners responded:

> Registered Nurses are not authorized to act on orders issued by a therapeutic optometrist. Sec. 301.002. Definitions of the Nursing Practice Act states in part that professional nursing involves the administration of a medication or treatment as ordered by a physician, podiatrist, or dentist.[3]

You argue that the Board of Nurse Examiners has interpreted section 301.002 of the Act to authorize registered nurses to act on the orders of APNs and PAs, despite the plain language of the section, and that you can find "no distinction in the ability to prescribe dangerous drugs of the above health practitioners versus therapeutic optometrists." *Id.* Thus, you ask:

> Do the Nursing Practice Act, the Optometry Act, and the Health and Safety Code give the Board of Nurse Examiners authority to allow registered nurses to administer a dangerous drug on the order of a therapeutic optometrist?

*Id.*

In construing a statute we are charged with determining and giving effect to the legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "plain and common meaning of the statute's words." *Id.* Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. *Id.* However, we determine legislative intent from the entire act and not just isolated portions. *Id.*; *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (regardless of whether a statute is considered ambiguous, a court may consider, *inter alia*, the circumstances under which the statute was enacted and the legislative history). With these rules guiding our discussion, we now turn to your question.

---

[2]*See* Board of Nurse Examiners for the State of Texas, Position Statements 15.1 (Jan. 1994) (determining that nurses may act on orders from PAs), 15.18 (Jan. 2001) (determining that nurses may act on orders from APNs) attachment to Request Letter, *also available at* http://www.bne.state.tx.us; *see also* TEX. OCC. CODE ANN. §§ 157.0511, .053,-.0542 (Vernon 2004).

[3]Letter from Sandra Owen, MN, RN, Director of Professional Nursing, Board of Nurse Examiners for the State of Texas, to Chris Kloeris, Executive Director, Texas Optometry Board (Jan. 28, 2003) (attachment to Request Letter).

Section 301.002 of the Act reads in relevant part: "'Professional nursing' involves . . . the administration of a medication or treatment as ordered by a *physician, podiatrist,* or *dentist.*" TEX. OCC. CODE ANN. § 301.002(2)(C) (Vernon 2004) (emphasis added). The language of the statute is unambiguous and by its terms only authorizes a physician, podiatrist, or dentist to give orders to nurses to administer medication or treatments. Nevertheless, in your brief accompanying the request letter, you suggest that this statute's unambiguous language belies a contrary legislative intent.[4]

You first note that since 1989 the legislature has amended the relevant sections of the Occupations and Health and Safety Codes to include "three additional types of health professionals in the group of persons authorized to prescribe and administer drugs to humans." TOB Brief, *supra* note 4, at 4. In 1991, these amendments gave therapeutic optometrists the authority to prescribe and administer dangerous drugs. *See* Act of May 21, 1991, 72d Leg., R.S., ch. 588, § 12, 1991 Tex. Gen. Laws 2106, 2111 (expanding the optometric profession to include therapeutic optometrists, and amending the Health and Safety Code to add therapeutic optometrists to the definition of "practitioner"). Yet, you say, Nursing Practice Act section 301.002(2)(C) was last amended prior to 1991 to read as it does now. *See* TOB Brief, *supra* note 4, at 3-4. At the time of the 1991 amendment, physicians, dentists, and podiatrists constituted the only health professionals authorized to prescribe and administer dangerous drugs. *See id.* Because, you continue, it took many years from the time podiatrists were made practitioners for the legislature to correct an oversight to include podiatrists in the language of 301.002(2)(C), you conclude that "the history of amending § 301.002(2)(C) at least strongly suggests that the legislature has simply not been able to keep up-to-date with all the interrelated laws in this area." *Id.* at 5 n.19.

We are unpersuaded by this argument. Even if the legislature had never revisited section 301.002, "a statute is not repealed by nonuse, but remains in full force and effect until it is amended or repealed by the legislature, or impliedly repealed by an irreconcilable statute." *Interstate Forwarding Co. v. Vineyard*, 3 S.W.2d 947, 957 (Tex. Civ. App.–Dallas, 1928), *rev'd on other grounds*, 49 S.W.2d 403 (Tex. 1932); *accord* Tex. Att'y. Gen. Op. No. JC-0136 (1999) at 3. However, section 301.002 is not a forgotten provision that conflicts with a more evolved statutory scheme. Discounting its codification in the Occupations Code, section 301.002 has been revisited by the legislature multiple times since therapeutic optometrists were authorized to prescribe dangerous drugs. *See, e.g.*, Act of May 26, 1993, 73d Leg., ch. 840, § 12, 1993 Tex. Gen. Laws 3303, 3310; Act of May 29, 1995, 74th Leg., ch. 965, § 54, 1995 Tex. Gen Laws 4789, 4823; Act of April 26, 2001, 77th Leg., ch. 112, § 4, 2001 Tex. Gen. Laws 219, 221-22; Act of May 30, 2003, 78th Leg., ch. 553, § 1.002, 2003 Tex. Gen. Laws 1874, 1874. And within section 301.002's legislative history subsequent to the 1991 addition of therapeutic optometrists, subsection (2)(C) has been amended specifically. *See* Act of May 29, 1995, 1995 Tex. Gen. Laws at 4823 (amending Act of May 26, 1993, 1993 Tex. Gen. Laws at 3310, former article 4518, section 5 of the Revised Civil Statutes, the predecessor to section 301.002, to replace "Podiatry" with "Podiatric."). At the minimum, this history is illustrative of a legislature actively revising this area of the law.

---

[4]*See* Brief from Chris Kloeris, Executive Director, Texas Optometry Board (Feb. 23, 2004) (attachment to Request Letter) [hereinafter TOB Brief].

You next contend that to rely on the plain language of section 301.002(2)(C) would frustrate the legislature's intent to give therapeutic optometrists the same overall prescriptive authority as that exercised by physicians, podiatrists, and dentists. *See* TOB Brief, *supra* note 4, at 5. To reach this conclusion, we would have to agree first that the authority to give orders to nurses to administer medication and treatments is necessarily included within one's prescriptive authority. We do not agree with your premise. As the Texas Nurses Association observed, section 301.002(2)(C) covers two distinct situations: administering medication and administering treatments (medicinal and otherwise).[5] These are two very separate powers, and were we to reach your conclusion, we would be forced by this construction to recognize veterinarians also as having the authority found in section 301.002. Veterinarians are authorized by section 483.001 of the Health and Safety Code to prescribe and administer dangerous drugs. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.001(12)(A) (Vernon 2003). Clearly, veterinarians are not trained to work in conjunction with registered nurses and so have not been extended the powers of section 301.002(2)(C). The statute requires us to reach the same result with respect to therapeutic optometrists.

Finally, the legislature has not established a statutory scheme for physicians to delegate duties to therapeutic optometrists. Physicians cannot use therapeutic optometrists vicariously like physicians can use APNs and PAs, and as a consequence, the Board of Nurse Examiners cannot read section 301.002 to include therapeutic optometrists.

The legal context of section 301.002(2)(C) does not alter the plain meaning of its text. The plain language of section 301.002(2)(C) only authorizes physicians, podiatrists, and dentists to give registered nurses orders to administer medication and treatments. Therefore, were the Board of Nurse Examiners to allow therapeutic optometrists to give registered nurses such orders, it would be reaching beyond the scope of its powers.

---

[5]*See* Brief from James Willmann, General Counsel and Director Governmental Affairs, Texas Nurses Association, at 5 (Apr. 27, 2004) (on file with the Opinion Committee).

## S U M M A R Y

The Board of Nurse Examiners may not permit registered nurses to administer a dangerous drug on the order of a therapeutic optometrist.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee