# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 1, 2010

Mr. William H. Kuntz, Jr.
Executive Director
Texas Department of Licensing and
   Regulation
Post Office Box 12157
Austin, Texas 78711-2157

Opinion No. GA-0825

Re: Scope of licensed pool-related electrical service under chapter 1305 of the Occupations Code (RQ-0891-GA)

Dear Mr. Kuntz:

On behalf of the Texas Department of Licensing and Regulation (the "Department") you ask about the scope of authority of a "residential appliance installer" under Occupations Code section 1305.002(12-a) of the Texas Electrical Safety and Licensing Act (the "Act").[1] *See* TEX. OCC. CODE ANN. § 1305.001 (West 2004) (short title). The Act provides for licensing residential appliance installers as well as several classes of electricians. *See id.* § 1305.102(a) (West Supp. 2010). You inquire about the authority of residential appliance installers to work on pools. Request Letter at 1; *see* TEX. OCC. CODE ANN. § 1305.002(14) (West Supp. 2010) (defining "pool" as "an outdoor or indoor structure intended for swimming or recreational bathing, including . . . [a] hot tub, spa, portable spa, or non-portable wading pool").

A "residential appliance installer" is "a person, other than a licensed electrician, who is licensed to perform residential appliance installation, including pool-related electrical maintenance." TEX. OCC. CODE ANN. §§ 1305.002(12-e) (West Supp. 2010) (providing definition); 1305.151 (requiring residential appliance installer to hold license). A "residential appliance" is defined as

> a pool-related electrical device, or equipment that:
>
> (A) is installed as a unit in a single-family or multifamily dwelling that does not exceed four stories;
>
> (B) is directly connected to an electrical circuit; and

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov). Section 1305.002(12-a) of the Occupations Code and related provisions were adopted by companion bills of the 81st Legislature, House Bill 1973 and Senate Bill 1982. *See* Act of May 27, 2009, 81st Leg., R.S., ch. 416, 2009 Tex. Gen. Laws 997, 997–1000; Act of May 26, 2009, 81st Leg., R.S., ch. 1392, 2009 Tex. Gen. Laws 4363, 4363–66.

(C)   performs a specific function.

*Id.* § 1305.002(12-a).

You ask whether the definition of "residential appliance" and related provisions limit a residential appliance installer's work on pools to residential[2] pools only or whether they permit the licensee to work on both residential and commercial pools. Request Letter at 1. One interpretation reads paragraphs (A), (B), and (C) of section 1305.002(12-a) to modify both the terms "pool-related electrical device" and "equipment." *Id.* at 2. Under this reading, the terms "a pool-related electrical device" and "equipment" are limited to items that are "installed as a unit in a single-family or multifamily dwelling that does not exceed four stories." TEX. OCC. CODE ANN. § 1305.002(12-a) (West Supp. 2010).

An alternative construction emphasizes the comma following the term "pool-related electrical device" in section 1305.002(12-a). *See* Request Letter at 2; *see also* TEX. OCC. CODE ANN. § 1305.002(12-a) (West Supp. 2010) (providing that a "residential appliance" is "*a pool-related electrical device*, or equipment that" complies with paragraphs (A), (B), and (C)) (emphasis added). The alternative interpretation argues that the comma makes the term "pool-related electrical device" a separate and distinct classification from "equipment," so that only the term "equipment" is limited by paragraphs (A), (B), and (C). Request Letter at 2. Under this interpretation of section 1305.002(12-a), "pool-related electrical device" would include commercial as well as residential pools. *See id.*; *see also* TEX. OCC. CODE ANN. § 1305.002(15) (West Supp. 2010) (defining "pool-related electrical device" for chapter 1305 in general as "equipment for a pool that: (A) is installed as a unit; (B) is directly connected to an electrical circuit; and (C) performs a specific function").

"In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language." *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2005). A court will not, however, "adhere to strict grammatical rules in construing statutes, when to do so violates the manifest intention of the Legislature." *State v. Hogg*, 70 S.W.2d 699, 701 (Tex. 1934). *See also Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.*, 826 S.W.2d 489, 505 n.18 (Tex. 1992). A court may omit a comma to give effect to the legislative intent found in the statute as a whole. *See Interstate Forwarding Co. v. Vineyard*, 3 S.W.2d 947, 958 (Tex. Civ. App.—Dallas 1928), *rev'd on other grounds*, 49 S.W.2d 403 (Tex. 1932); *see also* 2A NORMAN J. SINGER & J.D. SHAMBIE SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 47:15 (7th ed. 2007) (stating that "[a] misplaced comma cannot be used to distort the meaning of the statute"). We determine the Legislature's intent by reading the term "pool-related electrical device" in the context of chapter 1305.

---

[2]The Department understands "residential" in Occupations Code section 1305.002(12-a) to describe "a single-family or multifamily dwelling that does not exceed four stories." Request Letter at 2. It describes other pools as "commercial pools." *Id.* at 1–2.

Section 1305.002(12-a) provides that a "residential appliance" is "a pool-related electrical device, or equipment." TEX. OCC. CODE ANN. § 1305.002(12-a) (West Supp. 2010). Thus, section 1305.002(12-a) categorizes a pool-related electrical device as a residential appliance. Moreover, section 1305.002(12-b) defines "residential appliance installation" to mean "electrical work that is limited to the connection or disconnection of a residential appliance, *including a pool-related electrical device*, to an existing electrical circuit other than by inserting or removing a plug from an electrical outlet." *Id.* § 1305.002(12-b) (emphasis added). Thus, subsection 1305.002(12-b) also places a "pool-related electrical device" within the category of "residential appliance." The Legislature's use of the term "residential" to describe a "pool-related electrical device" indicates that a residential appliance installer may work only on residential pools as described by section 1305.002(12-a)(A), i.e., a pool "installed as a unit in a single-family or multifamily dwelling that does not exceed four stories." *Id.* § 1305.002(12-a)(A). Our reading of the statutes is consistent with the Department's rule defining residential appliance installer:

> Residential Appliance Installer—An individual, licensed as a residential appliance installer, who on behalf of a residential appliance installation contractor, *performs electrical work that is limited to residential appliance installation including residential pool-related electrical installation and maintenance* as defined by Texas Occupations Code, § 1305.002(12-b).

16 TEX. ADMIN. CODE § 73.10(23) (2010) (Tex. Dept. Licensing & Reg., Electricians) (emphasis added). The courts will generally give some deference to an agency's interpretation of a statute it administers if it is reasonable and does not conflict with the statute's plain language. *City of Corpus Christi v. Pub. Util. Comm'n*, 51 S.W.3d 231, 259, 261 (Tex. 2001).

Given the provisions describing a pool-related electrical device as a residential appliance and the agency's rule interpreting Occupations Code chapter 1305, we do not believe a court would rely on the comma to the exclusion of other statutory language to determine the legislative intent. In our opinion, a court would conclude that a licensed residential appliance installer may work only on residential pools.

# S U M M A R Y

A residential appliance installer licensed under Occupations Code chapter 1305 may work only on pools that are installed as a unit in a single-family or multifamily dwelling that does not exceed four stories. The residential appliance installer's license does not authorize an individual to work on commercial pools.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee